**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LYNNAE VIVIER, | No. 23-35241 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00063-RMP |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted June 10, 2025[**]

Before: SILVERMAN, GRABER, and N.R. SMITH, Circuit Judges.

Plaintiff Lynnae Vivier appeals from the district court's judgment affirming

the Commissioner of Social Security's decision denying Plaintiff's application for

disability insurance benefits and supplemental security income under Titles II and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we reverse and remand.

1. The administrative law judge ("ALJ") erred in evaluating the medical evidence. *See Revels v. Berryhill*, 874 F.3d 648, 654–55 (9th Cir. 2017) (stating that we set aside an ALJ's denial of benefits if the decision rests on legal error or is not supported by substantial evidence). Substantial evidence does not support the ALJ's rejection of the medical opinions of Dr. Duncan Lahtinen and Dr. Christopher Valley. The ALJ rejected those medical opinions by relying on other medical evidence to the effect that Plaintiff had "normal strength and reflexes with no assistive device use." But we have held that people with fibromyalgia may nonetheless have "muscle strength, sensory functions, and reflexes [that] are normal." *Revels*, 874 F.3d at 663 (brackets in original) (citations and internal quotation marks omitted). Thus, the fact that Plaintiff's medical history included findings on normal strength and reflexes is not a valid reason to reject the testimony of Drs. Lahtinen and Valley.

Nor are medical records stating that Plaintiff was "alert" and "oriented" during her doctor visits a valid reason. Plaintiff's being alert and oriented is not inconsistent with the physical limitations given by Drs. Lahtinen and Valley. Because Plaintiff's mental impairments would interfere with her ability to work,

her alertness and orientation are irrelevant.

Finally, medical records noting that Plaintiff's pain level improved with treatment are not inconsistent with the reported limitations. The records do not provide a basis to conclude that Plaintiff's pain level improved so much that she could exceed the reported limitations. Perhaps more importantly, the longitudinal record shows no sustained improvement in her pain. *See Revels*, 874 F.3d at 662–63 (holding that "the medical evidence must be construed in light of fibromyalgia's unique symptoms," including that those symptoms "wax and wane" such that a person may have "bad days and good days"); Social Security Ruling 12-2P, at *6 (requiring ALJs to consider the longitudinal record when deciding claims based on fibromyalgia to account for waxing and waning symptoms).

2. The ALJ also erred in evaluating Plaintiff's symptom testimony. As with the medical evidence, the ALJ erred by relying on records noting that Plaintiff had normal strength, reflexes, gait, and joints, and that her pain improved to some unknown degree with treatment. Similarly, the ALJ erred by finding that Plaintiff's activities of daily living were inconsistent with her testimony, because the ALJ failed to consider that Plaintiff's ability to engage in those activities is significantly limited and dependent on the opportunity to take time off work and take many breaks during her activities. *See Revels*, 874 F.3d at 667–68 (stating that the ALJ erred by ignoring the restrictions on a plaintiff's activities of daily

3

living).

3. The ALJ erred in concluding, without any explanation, that Plaintiff's fibromyalgia did not equal listing 14.09(D). *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (as amended) ("[A]lthough we will not fault the agency merely for explaining its decision with 'less than ideal clarity,' we still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review." (internal citation omitted)).

4. The ALJ did not err in considering Plaintiff's gastrointestinal impairments. The ALJ reasonably found that Plaintiff's gastrointestinal impairments were not severe and had a minimal effect on her ability to perform basic work activities. Because the ALJ found other severe impairments at step two and considered her gastrointestinal impairments when formulating the RFC, Plaintiff was not prejudiced by the finding that her gastrointestinal issues were not severe. Thus, any error in such a finding would be harmless. *See Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017) (holding that an alleged error as step two is harmless when the ALJ finds that a plaintiff has severe symptoms).

That the ALJ did not consider Plaintiff's gastrointestinal impairments under listing 5.08 also was not erroneous. Plaintiff's own testimony indicated that the listing was not applicable. Listing 5.08 requires in part that a claimant have exhibited "[w]eight loss due to any digestive disorder." 20 C.F.R. pt. 404, subpt.

4

P, app. 1 § 5.00F.  During the hearing, Plaintiff attributed her weight loss to stress and anxiety, not to any gastrointestinal issue, and she reported that medications helped her gain the weight back.

We reverse and remand to the district court with instructions to remand to the agency for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**